Ada L. POMIANOWSKI, Plaintiff,

v.

MERLE NORMAN COSMETICS, INC., Defendant.

No. C–3–78–348.

United States District Court, S. D. Ohio, W. D.

Dec. 31, 1980.

Taylor Jones, Jr., Dayton, Ohio, for plaintiff.

F. Thomas Green, David C. Greer, Dayton, Ohio, for defendant.

DECISION AND ENTRY OVERRULING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND CAUSE OF ACTION; OVERRULING PLAINTIFF'S MOTION SEEKING ORDER OF THE COURT COMPELLING DEFENDANT TO ANSWER SIX REQUESTS FOR ADMISSIONS AND ONE INTERROGATORY; OVERRULING PLAINTIFF'S MOTION SEEKING AWARD OF EXPENSES

RICE, District Judge.

The captioned cause has been submitted to the Court for decision on three motions, to wit:

(1) the motion of the Defendant seeking an Order of the Court dismissing Plaintiff's Second Cause of Action as stated in the Complaint;

(2) the motion of the Plaintiff seeking an Order of the Court compelling Defendant to answer six requests for admissions, and awarding Plaintiff the expenses of the motion; and

(3) the motion of the Plaintiff seeking an Order of the Court compelling Defendant to answer one interrogatory, and awarding Plaintiff the expenses of the motion.

This is a diversity action in which Plaintiff predicates Defendant's liability on the manufacture, distribution, and sale of a cosmetic product, Flomatic Mascara, which Plaintiff purchased for her personal use in November, 1976. It is alleged that said product was defective and unreasonably dangerous in that its design, manufacture, contents, and packaging enabled infectious bacteria to grow within the product's container during the intended period of the product's use by a consumer. It is further alleged that when mascara contaminated by the bacteria was used in the intended manner, said bacteria might infect the eye of the consumer. Finally, it is alleged that when Plaintiff applied the product she had purchased, said bacteria was introduced into her eye and that her eye was permanently damaged during the course of medical treatment necessitated by said use of Defendant's product.

The Complaint separates Plaintiff's claim into two "causes of action." The First Cause of Action, entitled "Strict Liability in Tort," frames Defendant's liability solely in terms of the marketing of a defective or dangerous product, without warning or instruction to potential consumers thereof. The Second Cause of Action, entitled "Consumer Sales Practice [sic] Act," sets forth Defendant's liability in terms of misrepresentation regarding the qualities or characteristics of its product, in violation of O.R.C. §§ 1345.01–1345.13.

Defendant's motion is directed toward the Second Cause of Action. Defendant says that statutory actions under O.R.C. Chapter 1345 (specifically, private actions under O.R.C. § 1345.09) are made expressly inapplicable to claims for personal injury by virtue of O.R.C. § 1345.12(C). Because Plaintiff thereby cannot obtain statutory relief for alleged injury to her eye, Defendant concludes that the Second Cause of Action should be dismissed pursuant to F.R. C.P. 12(b).

■ At the threshold, the Court notes that Defendant's motion was made after answer and, therefore, is not technically a proper motion pursuant to F.R.C.P. 12(b). However, whether or not it might properly be construed in the alternative as either a motion for judgment on the pleadings or a motion for summary judgment, the Court finds that Defendant's motion lacks merit.

O.R.C. §§ 1345.02 and 1345.03 define and prohibit unfair, deceptive, and unconscionable consumer sales practices. O.R.C. § 1345.09, entitled "Private Remedies," provides in part as follows:

For a violation of Chapter 1345 of the Revised Code, a consumer has a cause of action and is entitled to relief as follows:

(A) Where the violation was an act prohibited by section 1345.02 or 1345.03 of the Revised Code, the consumer may, in an individual action, rescind the transaction or recover his damages.

(B) Where the violation was an act or practice declared to be deceptive or un-

conscionable [pursuant to the rule-making authority of the director of commerce or attorney general] before the consumer transaction on which the action is based, or an act or practice determined by a court of this state to violate section 1345.02 or 1345.03 of the Revised Code and committed after [statutory publication of such court decision], the consumer may rescind the transaction or recover . . . three times the amount of his actual damages or two hundred dollars, whichever is greater. . . .

(D) Any consumer may seek a declaratory judgment, an injunction, or other appropriate relief against an act or practice that violates this chapter.

O.R.C. § 1345.13 further provides that "[t]he remedies in sections 1345.01 to 1345.13 of the Revised Code, are in addition to remedies otherwise available for the same conduct under state or local law." On the other hand, O.R.C. § 1345.12(C) provides that "[s]ections 1345.01 to 1345.13 of the Revised Code do not apply to: . . . (C) Claims for personal injury or death."

Defendant theorizes that the legislature's intent in enacting section 1345.09 was *only* to provide consumers with a means of relief from sharp commercial practices, where no adequate remedy was previously available. In this sense, the statutory action is "in addition" to common law actions in tort for personal injury in connection with dangerous products (which may incidentally happen to be misrepresented). *See* O.R.C. § 1345.13, *supra.* But in enacting section 1345.12(C) Defendant says that the legislature made it clear that it did not intend to provide a statutory remedy for such personal injury, since adequate relief for same already exists through tort actions at common law. Thus, Defendant concludes that because Plaintiff's actionable claim, if any, is for personal injury at common law, the statutory cause under O.R.C. § 1345.09 is not available to her. In other words, Defendant says that the statutory and common law actions are mutually exclusive, at least in the context of this case.

Defendant's theory misperceives the nature of the remedies created by section 1345.09, and their relationship to common law products liability which may arise out of the same sequence of events. The essence of the cause of action created by section 1345.09 is the unfair, deceptive, or unconscionable conduct undertaken in connection with a consumer transaction, O.R.C. §§ 1345.02–.03, whereas the essence of strict liability in tort is unreasonable danger and actual personal injury, *Temple v. Wean United, Inc.,* 50 Ohio St. 2d 317, 364 N.E.2d 267 (1977). With this understanding, it should be clear that the statutory and common law actions are legally (although not factually) unrelated, the first being directed to relief from a *supplier's conduct* while the second is directed to relief from *injuries caused by the dangerousness of his product.*

Of course, if conduct prohibited by Chapter 1345 does cause nonpersonal injury to a consumer (most likely, but not exclusively, loss on the bargain induced by a deception), then the consumer may recover for same as actual damages or treble damages, depending upon the nature of the conduct. O.R.C. § 1345.09(A)–(B). And if prohibited conduct does not cause substantial nonpersonal injury to the consumer (e. g., if there was deception, but the consumer received what he bargained for), then he may recover statutory minimum damages, or obtain injunctive or declaratory relief with respect to such conduct. O.R.C. § 1345.09(B), (D).

What Defendant further says, however, is that section 1345.12(C) effectively makes the viability of a section 1345.09 action dependent upon the *complete absence* of actionable personal injury to the consumer. For example, Defendant would say that a consumer may recover treble damages for nonpersonal losses caused by prohibited sales practices (according to the statute), but if the consumer is unfortunate enough to also have been personally injured in using a dangerous product sold to him through deception, then he may only proceed at common law and treble damages for the nonpersonal losses would then be unavailable to him. In essence, Defendant

would say that the legislature intended by section 1345.12(C) to deprive the consumer of statutory relief from the *seller's conduct* if the consumer is *further injured by the dangerous product sold.*

■ The Court doubts that the legislature intended that Chapter 1345 be construed in that manner. Rather, section 1345.12(C) does not on its face appear to preclude a cause of action under section 1345.09 if personal injury results from *use* of a product which has been *sold by deception.* On the contrary, by its plain meaning, section 1345.12(C) only precludes *statutory recovery* for such personal injury (e. g. treble damages) in the event same should be found to have been caused by the deception. Thus, sections 1345.09, 1345.12(C), and 1345.13, together, would appear to allow a consumer personally injured by a misrepresented defective product to obtain actual, statutory minimum, or treble damages for nonpersonal losses growing out of deceptive sales conduct, and further to obtain actual damages for his personal injuries by joinder of an appropriate common law claim with the statutory cause of action.

Any doubt that the preceding synopsis, rather than Defendant's theory, exemplifies the proper construction of the statutory scheme embodied in Ohio Revised Code Chapter 1345, should be resolved by reference to the comments of the National Conference of Commissioners on Uniform State Laws concerning the Uniform Consumer Sales Practices Act (UCSPA). The UCSPA was drafted by the Commissioners and clearly stands as the source for many, if not most of the provisions in the Ohio Consumer Sales Practices Act, codified at O.R.C. §§ 1345.01–.13. In particular, UCSPA § 14(a)(3) is essentially identical to O.R.C. § 1345.12(C). The Commissioner's Comment on section 14(a)(3) is:

> This subsection has primary application to product liability claims. To the extent that joinder is appropriate, it does not bar the joinder of a product liability claim with a related claim for violation of this Act, § 15.

Section 15 of the UCSPA, cited in the preceding comment, is essentially identical to section 1345.13 of the Ohio Revised Code. In pertinent part, the Commissioner's Comment on section 15 is:

> [T]his section makes clear that the Act does not preempt state and local remedies that are not explicitly repealed . . . .

For the aforestated reasons, Defendant's motion seeking an Order of Court dismissing the Second Cause of Action stated in the Complaint (or, alternatively, entering judgment thereon in Defendant's favor) is not well taken and same is, therefore, overruled.

This is not to say that the Complaint is entirely proper beyond the Second Cause of Action as stated. The Court notes that, in the prayer, Plaintiff demands treble damages for her personal injuries. In accordance with the foregoing discussion, it is clear that Plaintiff may not recover *any* damages for personal injury *under Chapter 1345*, whether or not such injury was caused by conduct prohibited by Chapter 1345. She may only recover for her nonpersonal injury, if any, on the statutory cause (whether actual or trebled damages), and for her personal injury, if any, on the common law cause (only actual damages). The Court will, therefore, upon its own motion, strike the Plaintiff's prayer for treble damages.

Although Plaintiff's discovery motions appear to suggest that Defendant has not responded *at all* to the interrogatory and admission requests at issue, Defendant represents in memoranda that it has responded but, implicitly, that it has refused to further respond with clarification or explanations of its answers when requested to do so by Plaintiff. With this in mind, it becomes clear that it is not so much the *relevancy* of Plaintiff's discovery requests that is the cause of the parties' differences (as suggested by Plaintiff's memoranda), as it is the *adequacy* of Defendant's answers (insofar as said answers have been represented to this Court by Defendant).

■ The Court agrees with Defendant that the admission requests at issue are, to

some extent, rhetorical (indeed, they are each quite analogous to asking that a person either admit or deny that he has stopped beating his wife). But irrespective of the propriety in form of the requests, the Court concludes that Defendant's uniform response (essentially, admitting of its failure to warn consumers of the mascara product's hazards, but neither admitting nor denying that the product was in fact hazardous) is adequate, sufficient, and properly qualified under F.R.C.P. 36(a). If Plaintiff desired to specifically request admission of the product's hazards, she should have done so through more specific admission requests.

On this basis, Plaintiff's motion seeking an Order of Court compelling Defendant to answer the six requests for admission at issue is not well taken and same is, therefore, overruled. Accordingly, Plaintiff's associated request for an award of the expenses of the motion pursuant to F.R.C.P. 37(a)(4) is also overruled.

Plaintiff's motion seeking an Order of Court compelling Defendant to answer a single interrogatory is also not well taken and is, accordingly, overruled. The interrogatory at issue requested identification of expert witnesses pursuant to F.R.C.P. 26(b)(4)(A)(i). Defendant's original response was that "no decision has yet been made" regarding its experts. Defendant represents that since the time of the original response, it has informally supplemented same, and that it will have fully and formally complied with the request by the date set by this Court, in pretrial orders, for identification of expert witnesses. The Court finds that Defendant's answers to the interrogatory (original, supplemental, and anticipated) are consistent with Defendant's representations as to the course of its knowledge about its expected use of expert witnesses at trial and, therefore, said answers are full and adequate responses under F.R.C.P. 33(a). Accordingly, Plaintiff's associated request for an award of the expenses of the motion pursuant to F.R.C.P. 37(a)(4) is also overruled.

To summarize:

(1) Defendant's motion seeking an Order of Court dismissing Plaintiff's Second Cause of Action as stated in the Complaint is not well taken and is overruled;

(2) Plaintiff's motion seeking Orders of Court compelling Defendant to answer certain discovery requests and a single interrogatory is not well taken and is overruled; and

(3) Accordingly, Plaintiff's associated requests for awards of the expenses of its discovery motions are also not well taken and are overruled.

(4) Upon its own motion, the Court strikes the Plaintiff's prayer for treble damages for her personal injuries.

Final Pretrial Conference in the captioned cause is set for Tuesday, January 6, 1981 at 4:30 p.m. This pretrial conference will be had by way of telephone conference call. The attorneys listed below need not appear in chambers for such pretrial but need only wait by their telephones at the appointed time.

Trial on the merits, before a duly impaneled jury, is set for the week of January 19, 1981, beginning at 9:30 a.m.